**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHANCEY TERREL FULLER, a.k.a. Chance, a.k.a. Fat Boy,

               Petitioner-Appellant,

    v.

UNITED STATES OF AMERICA,

               Respondent-Appellee.

No. 14-56260

D.C. Nos. 2:13-cv-07420-JFW
2:08-cr-00240-JFW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Chancey Terrel Fuller appeals pro se from the district court's judgment

denying his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C.

§ 2253. We review de novo the district court's denial of a section 2255 motion,

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

Fuller contends that appellate counsel was constitutionally ineffective for failing to challenge his waiver of the right to counsel under *Faretta v. California*, 422 U.S. 806 (1975). As the government concedes, Fuller was misadvised of the potential penalty that he faced on one of the six charged offenses. However, because Fuller was otherwise correctly advised of the cumulative maximum term of imprisonment that he faced, the nature of the charges against him, and the dangers of self-representation, the record reflects that Fuller waived his right to counsel "with eyes open." *See id*. at 835; *see also United States v. Neal*, 776 F.3d 645, 657-59 (9th Cir. 2015). Accordingly, Fuller has not shown that counsel's failure to raise this challenge on direct appeal was objectively unreasonable, or that the claim had a reasonable probability of success on appeal. *See Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *see also Smith v. Robbins,* 528 U.S. 259, 288 (2000) (counsel need not raise every non-frivolous claim on appeal, and the presumption of effective appellate assistance is overcome "only when ignored issues are clearly stronger than those presented") (internal quotations omitted).

We treat Fuller's additional arguments as a motion to expand the certificate of appealability and deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*,

195 F.3d 1098, 1104-05 (9th Cir. 1999).

Fuller's motion for leave to file his untimely reply brief is granted.  The

Clerk is directed to file Fuller's reply brief (Docket Entry No. 45).

Fuller's motion for summary reversal is denied.

**AFFIRMED.**

14-56260